Shirley A. GORDON, Petitioner,

v.

DEPARTMENT OF VETERANS
AFFAIRS, Respondent.

No. 03–3305.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 10, 2004.

Before NEWMAN, GAJARSA, and
DYK, Circuit Judges.

PER CURIAM.

Shirley A. Gordon appeals from a decision of the Merit Systems Protection Board (MSPB) made final on July 7, 2003, Docket No. NY0752020056–I–2, 94 M.S.P.R. 481, 2003 WL 21664270. The MSPB upheld the Department of Veterans Affairs' (VA) removal of Ms. Gordon. We *affirm* the MSPB's decision.

BACKGROUND

Ms. Gordon was employed by the VA as a Psychiatric Nursing Assistant at a VA health care facility, having entered service in 1990. On July 6, 2001 she was involved in an argument among the staff which led to outbursts by Ms. Gordon that are described as "emotional." Ms. Gordon's supervisor advised her to seek help from the Employee Assistance Program and the Employee Health Clinic, but she declined to do so. Ms. Gordon was notified, by "Notice of Last Chance to Resolve Your Misconduct," that unless she provided documentation of medical treatment for anger management within two weeks of the Notice, her supervisor would consider recommending that she be removed from employment. No such documentation was provided. In proposing her removal, Ms. Gordon was charged with (1) loud and disruptive behavior in connection with her refusal to accept an assignment to carry a crisis pager, causing several patients to become agitated so that medication was necessary to calm them; and (2) disrupting a staff meeting by loud and hostile behavior. The MSPB upheld the removal, and this appeal followed.

DISCUSSION

A decision of the MSPB must be sustained unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule,

or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *United States Postal Serv. v. Gregory,* 534 U.S. 1, 6, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001); *Stearn v. Dep't of the Navy,* 280 F.3d 1376, 1380 (Fed.Cir.2002).

Ms. Gordon states that the MSPB failed to consider certain relevant facts. She states that in accordance with her doctor's recommendation, she was on light duty status because she suffered from depression and stress. She states that contrary to the testimony of the Charge Nurse who was her immediate supervisor, she did not refuse the assignment to carry the crisis pager; however, she acknowledges that she expressed displeasure about the assignment because she had previously been suspended as a result of an incident concerning the pager. Ms. Gordon argues that assigning her the crisis pager was unreasonable in light of her medical condition. Ms. Gordon states that she would have been medically unable to render aid in a crisis situation, thus endangering the patients in the event of an emergency.

The administrative judge addressed each of these arguments on the basis of the evidence presented. At the hearing, the Head Nurse testified that although Ms. Gordon had on prior occasions been on light duty status, there was no medical documentation on record to show that the light duty status was in effect on the day in question. Ms. Gordon did not dispute that the required medical documentation was lacking, and the AJ noted that the Head Nurse was a credible witness. Second, the AJ credited the testimony of the Charge Nurse, finding that Ms. Gordon had refused to carry the pager. This finding was supported by Ms. Gordon's statement to an Equal Employment Opportunity counselor that she did not accept the pager. Finally, there was uncontested testimony by the Head Nurse that Ms. Gor-

don could have accepted the pager even if she had been on light duty status, because special arrangements had been made which allowed Ms. Gordon, in the event of an emergency, to notify a superior rather than physically respond to the emergency herself. In the absence of contradictory evidence, the findings of the MSPB as to witness credibility must be sustained. *Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986).

Ms. Gordon also argues that the AJ applied the wrong law. She cites Article I of the Constitution, New Jersey case law, and principles of agency law, and states that they should have been applied. We have been shown no basis for any constitutional challenge, or any error in the MSPB's choice of applicable law. *See* 5 U.S.C. §§ 7511, 7512, and 7513. The issuance of the Notice and its conditions have not been shown to be unreasonable, and it is undisputed that Ms. Gordon did not comply with its terms.

No costs.